Charles H. Simpson et al., Appellants, *v.* Charles A. St. John,
Respondent.

The temporary retention of chattels alleged to have been stolen, pending
the prosecution of the alleged thief, is within the police power.

When such property comes into the posssession of a peace officer it is in
the custody of the court, and must be held by the officer subject to the
order of the examining magistrate. (Code of Criminal Procedure,
§§ 685, 686, 687.)

If no order for the return of the property to the owner is made by the
magistrate, its retention until a conviction or acquittal of the accused
must be deemed necessary to the purposes of public justice.

The property clerk of the Police Department in the city of New York is
merely the agent of the criminal court pending the prosecution, and
holds such property subject to its orders.

While the circumstances justify the retention as above stated the owner's
right of possession cannot be enforced by action for the claim and deliv-
ery of personal property.

Accordingly *held*, that an application under the Code of Civil Procedure
(§ 550) was properly denied for an order of arrest in such an action against
the property clerk, who refused to deliver up property so held by him to
the sheriff, who demanded possession under a requisition requiring him
to replevy it.

(Argued June 28, 1883 ; decided October 2, 1883.)

Appeal from order of the General Term of the Supreme
Court, in the first judicial department, made March 7, 1883,

which affirmed an order of Special Term, denying an application for an order of arrest herein.

This was an action for the claim and delivery of personal property. One Harris was arrested for obtaining certain personal property by false pretenses; a warrant of arrest was issued, under which he was arrested and committed for examination. The property was found in the possession of plaintiffs, who were pawnbrokers. The magistrate gave to an officer a written order to demand the property, the officer made the demand at plaintiffs' place of business, and the person in charge delivered up the property to him, which was examined and identified by the owner, and by direction of the magistrate was delivered over to defendant, who was property clerk of the police department. A requisition having been issued herein to the sheriff requiring him to replevy the property, by virtue thereof he demanded the same of defendant; and, upon his refusal to deliver up the same, this motion was made under section 550 of the Code of Civil Procedure.

*Abram Kling* for appellants. The court erred in holding that defendant was justified in refusing to deliver the chattels to the sheriff when demanded, pursuant to the process delivered to him in this action, on the ground that they were in the custody of the law, and the court had no power to compel defendant to obey the process. (Code of Crim. Pro., chap. 12, §§ 686, 687, 691, 692; Code of Civ. Pro., § 550, subd. 1; id., § 1690.) The chattels in question, as to the plaintiffs, are not in the custody of the law. (*Lynch* v. *St. John*, 8 Daly, 14; *Clark* v. *Skinner*, 20 Johns. 465; *Rogers* v. *Weir*, 34 N. Y. 465; *Hall* v. *Tuttle*, 2 Wend. 475; *Wynehamer* v. *People*, 13 N. Y. 394.) It was the duty of the defendant to deliver the property to the sheriff pursuant to the process in replevin, as the same were not held for the furtherance of justice, and therefore not *in custodia legis*. (*Lynch* v. *St. John*, 8 Daly, 143; *Morris* v. *De Witt*, 5 Wend. 72.)

*D. J. Dean* for respondent. The statutes of this State have made specific provision for the disposition of property alleged to be stolen. (Code of Crim. Pro., §§ 31, 52, 53, 54 ; 3 R. S. [6th ed.] 1046 ; Code of Crim. Pro., §§ 685, 686, 687, 688, 689, 690, 691 ; Laws of 1873, chap. 335, §§ 61–66.) Such disposition is wholly inconsistent with its return to a claimant prior to the termination of the prosecution of the alleged criminal, whether such claimant is the owner or not. ‡*Houghton* v. *Bachman et al.*, 47 Barb. 388; *Dunn* v. *Gilman*, 34 Mich. 256 ; *Weller* v. *Ely*, 45 Conn. 547.) Such a temporary sequestration of private property is within the police power of the State. This practice is approved and followed in other States. (Potter's Dwarris on Statutes, 444, 455 ; *Passenger Cases*, 7 How. U. S. 283 ; 1 Hale's P. C. 54 ; *In re Cheeseborough*, 78 N. Y. 236 ; *Thorpe* v. *R. & A. B. R. R.*, 27 Vt. 149 ; Cooley's Const. Laws, 594 ; *Mayor* v. *Lord*, 18 Wend. 129 ; *Russell* v. *Mayor*, 2 Denio, 461 ; *Sorocco* v. *Geary*, 3 Cal. 69 ; *Hale* v. *Lawrence*, 1 Zabr. 714 ; *Am. Print Works* v. *Lawrence*, id. 248 ; *Meeker* v. *Van Rensselaer*, 15 Wend. 379 ; *McDonald* v. *Redwing*, 13 Minn. 381 ; Dillon on Mun. Corp., § 93 ; Sedgwick's Const. Law, 434 ; *Matter of Townsend*, 39 N. Y. 171, 181, 182; *Varick* v. *Smith*, 5 Paige, 136–160; Prentice's Criminal Procedure, 46 ; Allison's Criminal Law Pr. [833] p. 148 ; R. S. [Mass.], chap. 170, § 5 ; R. S. [Me.] 672, § 14 ; R. S. [Minn.], chap. 95, § 31 ; Iowa Revised Code of 1880, § 4654 ; California Penal Code, § 14407 ; Arkansas Rev. Stat., chap. 45, § 2085 ; Wisconsin Rev. Stat., § 4624 ; Crim. Code of Illinois, chap. 38, div. 8, § 378 ; Code of Crim. Pro. [Ind.], §§ 1622, 1623 ; Rev. Stat. [R. I.], tit. xxx, chap. 214, § 23 ; McClellan's Digest [Fla.], 1881, p. 437 ; Code of 1876 [Ala.], §§ 4006, 4019 ; Compiled Laws of Mich., 1875, p. 1515 ; Code of Virginia, 1873, tit. 65, chap. 199, § 4 ; New Hampshire General Laws, 1873, chap. 255, § 4 ; Whart. Crim. Pro., §§ 60, 61.)

FINCH, J. The order of arrest was refused on the ground that the chattels sought to be recovered were in the custody of

a criminal court, pending the prosecution of the party alleged to have stolen them. Such a temporary retention of property for the purposes of criminal justice is within the police power. It in no manner denies or affects the title of the true owner, but postpones his right of possession until the exigencies of the prosecution are satisfied. Very often the production and identification of the stolen articles are essential to the conviction of the thief, and if by a claim of title they could be taken from the possession of the criminal court before trial of the offender, it would always be possible for him to put out of the way evidence necessary to his conviction. The property clerk in the city of New York is merely the agent of the criminal court pending the prosecution, and holds the property for the time being subject to its orders. It is, therefore, in the custody of the law, and cannot be taken away until that custody is ended by a conviction or acquittal, or by an order of the magistrate permitting its surrender to the owner. (*Houghton* v. *Bachman*, 47 Barb. 388.) The provisions of the Revised Statutes upon the subject are superseded by those of the Code of Criminal Procedure. (§§ 685, 686, etc.) Property alleged to have been stolen which comes into the custody of a peace officer must be held subject to the order of the examining magistrate. The latter may order its restoration to the owner upon proof of title and payment of expenses of its preservation, unless its temporary retention be deemed necessary in furtherance of justice. Such order "entitles the owner to demand and receive the property." Under these provisions it is apparent that, pending a prosecution of the criminal, the stolen property in the custody of an officer is in the custody of the court. The magistrate may order a return to the owner, deeming its retention until a trial unnecessary, but if he makes no such order the retention of the property must be deemed necessary to the purposes of public justice until by a conviction or acquittal the necessity is ended. In the present case no order was made by the examining magistrate, and it does not appear that a trial has been had. The plaintiff, therefore, shows no right to the immediate possession of the property as against

the power of the court for police purposes. The proceedings for the claim and delivery of personal property were not intended·to repeal or render nugatory the police power of retention for purposes of public justice, and the owner's right of possession cannot be enforced while the circumstances justify such retention. *Lynch* v. *St. John* (8 Daly, 143) decides nothing to the contrary. The learned court says of the rights of the property clerk: "It may be that property in his possession might be regarded as in the custody of the law where it is held upon the ground that the possession and use of it is or may be necessary to secure the conviction of the person charged with having stolen it; but after his conviction or acquittal the property clerk can have no claim to it as against the rightful owner." It is further said in that case that when confronted with the replevin papers the custodian, if there, was any reason why the property for public purposes should remain in his possession, ought to apply to the court which has authority to control its own process. Substantially that has occurred in this case. The property clerk having refused a delivery, the plaintiff applied to the court which issued the process, for an order of arrest to enforce it. That application brought up the whole question, and the court declined to enforce its process against a criminal court holding the custody of the property for the purposes of criminal justice.

We think that refusal was right, and the order should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.