## WISE, INDIVIDUALLY AND AS UNITED STATES ATTORNEY, *v.* HENKEL, UNITED STATES MARSHAL IN NEW YORK.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 964. Argued April 24, 25, 1911.—Decided May 15, 1911.

Where the court below had authority to make an order directing the performance of an act, irrespective of a constitutional question raised, the denial of a writ of *habeas corpus* on behalf of one committed for contempt for refusing to obey such order does not necessarily involve the construction or application of the Constitution and a direct appeal from the judgment denying the writ does not lie to this court under § 5 of the Judiciary Act of 1891.

The writ of *habeas corpus* cannot be made to perform the functions of a writ of error.

The facts, which involve the jurisdiction of this court on appeal from a judgment of the Circuit Court of the United States in a *habeas corpus* proceeding, are stated in the opinion.

*The Solicitor General* for appellant.

*Mr. A. Leo Everett* for appellee.

Mr. Chief Justice White delivered the opinion of the court.

This case is disposed of by the opinion delivered in *Wise* v. *Mills,* just decided, *ante,* p. 549. It thus arose:

The district attorney on his committal for contempt in refusing to obey the order directing him to return certain books and papers, on being taken into custody sued out a writ of *habeas corpus,* and from the judgment discharging the writ prosecuted this appeal  The petition in *habeas corpus* after averring the facts as we have stated them in the opinion in *Wise* v. *Mills,* alleged that the commitment for contempt was based "solely and exclusively on an order of this court made and filed on the 15th day of March," and that the court "was without jurisdiction to compel your petitioner as United States Attorney for this district or in any other capacity to surrender to the persons now under indictment and awaiting trial . . . books and papers which came into his lawful and official custody as aforesaid and are necessary to a prosecution still pending against said defendants." It was then averred that "your petitioner verily believes that for the reasons above stated the order adjudging him guilty of contempt and his commitment pursuant to said order in the custody of the marshal were without legal right, authority or jurisdiction of any kind and are utterly void and ineffective, and that his detention and imprisonment thereunder are in violation of the Constitution of the United States and in violation of his rights, privileges and immunities thereunder."

The right to come directly to this court is controlled by § 5 of the Judiciary Act of 1891, which authorizes an appeal in certain cases. It is plain that the only portion of that subdivision which can possibly have application here is that which relates to cases "involving the construction or application of the Constitution of the United States."

But, as we have seen in *Wise* v. *Mills*, no question as to the construction or application of the Constitution of the United States, in the correct sense of those words, was involved in the order committing for contempt. While it is true that the court, in passing upon the application for the return of the books and papers, expressed the opinion that as the act of seizing them violated the constitutional rights of the petitioners they were entitled to an order for return, this did not cause it to come to pass that the order committing for contempt involved the application or construction of the Constitution. In every aspect this is the case, since the authority of the court to consider and decide the application for the return of the books and papers existed wholly irrespective of whether there was a constitutional right to exact the return of the books and papers. That is to say, it was within the power of the court to take jurisdiction of the subject of the return and pass upon it as the result of its inherent authority to consider and decide questions arising before it concerning an alleged unreasonable exertion of authority in connection with the execution of the process of the court. The case, therefore, is but an attempt to cause a writ of *habeas corpus* to serve the functions of a writ of error.

For the reasons stated in case of *Wise* v. *Mills*, we think the contention that a constitutional question was involved in this case upon the existence of which the right to appeal to this court depended, is so wholly devoid of merit as to require here, as it did in the other case, a dismissal for want of jurisdiction. The appeal is, therefore,

*Dismissed for want of jurisdiction.*