MARGARET McLELLAN, Respondent, v. THE NEW YORK SAVINGS BANK, Appellant, Impleaded with JULIA DIXON, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ.

JAMES J. O'BRIEN, Respondent, v. FRANCIS A. WEISBECKER, Appellant.— Order of the County Court of Queens county denying motion to pay costs *nunc pro tunc* reversed, without costs, and motion granted, without costs; said costs to be paid within ten days from the date of entry of the order herein. The judgment heretofore entered herein is to stand as security pending the trial of the action or the determination of the appeal taken by the plaintiff from the order opening defendant's default, in accordance with the plaintiff's election as to the course he will pursue. No opinion. Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ., concur.

PURE ICE COMPANY OF WILLIAMSBURG, Respondent, v. SAMUEL F. SMYTH, Appellant. (Action No. 2.) Judgment reversed and new trial granted, with costs to appellant to abide the event, upon the ground that the trial court was not justified in directing a verdict in favor of plaintiff as the proof stood at the trial. The trial court committed reversible error when it refused to allow defendant to prove that he had spent his own money for the benefit of plaintiff, and with plaintiff's consent, unless defendant showed that he had made entries concerning these payments in plaintiff's books. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur.

PURE ICE COMPANY OF WILLIAMSBURG, Respondent, v. SAMUEL F. SMYTH, Appellant. (Action No. 3.) — Judgment reversed and new trial granted, with costs to appellant to abide the event. The court committed reversible error in excluding evidence offered by defendant tending to show that he paid for the stock in question, for the reason that evidence of such payment was not properly set forth in the company's books. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN DONNENFELD, Appellant.— Judgment of conviction of the Court of Special Sessions reversed, and defendant discharged. The examination of defendant in reference to the testimony given by him in the bankruptcy proceedings, over the objection and exception of his counsel, was prejudicial error; the testimony being received in violation of section 7, subdivision 9, of the Bankruptcy Act.* And error was also committed by the trial court in excluding evidence offered by defendant tending to show the condition of his bank account on the day when the alleged false statement was signed by him. Mills, Rich, Kelly and Manning, JJ., concur; Blackmar, P. J., concurs in the result.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GATTI, Appellant.— Judgment of conviction affirmed. No opinion. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL GOFFREDO, Appellant.— Judgment of conviction affirmed. No opinion.

---

* See 30 U. S. Stat. at Large, 548, § 7, subd. 9.— [REP,