## Commonwealth v. Mihavetz.

*Criminal law — Intoxicating liquors — Prohibition—Service of process— Sunday—Search warrant—Evidence.*

1. A search warrant issued without describing the property to be seized and alleging probable cause, supported by oath or affirmation, is illegal.

2. In such case, if the defendant moves within seasonable time, the court will require the official holding the seized goods to return them to the owner.

3. Property illegally seized cannot be used in evidence by the Commonwealth.

4. A warrant for the arrest of one charged with violation of the prohibition or liquor laws cannot be served on Sunday.

5. A petition for the return of property illegally seized is seasonable if made at any time before trial.

Rule to return property seized. Q. S. Bucks Co.

*Gilkeson & James*, for rule.

*Hiram H. Keller*, District Attorney, for Commonwealth.

RYAN, P. J., March 5, 1923.—From the petition of the defendant, upon which this rule was granted, the answer of the District Attorney to the rule, the stipulation as to facts agreed to and filed herein, and the record, it appears that on Nov. 19, 1922, Justice of the Peace W. H. Kunsman issued a search warrant, purporting to authorize a search of the house of the defendant in the Borough of Marrisville for intoxicating liquor and "paraphernalia" and the seizure of said property, if found. Pursuant to this search warrant, Andrew Thompson, Deputy Sheriff, Christopher Sipler, an officer of the said borough, and others, entered the said house and premises, made a search thereof and seized and took into their possession a vessel, averred by them to be a still, which was then in operation, and five glass gallon jugs with their contents. No information under oath was made before the justice, upon which said search warrant was based, although on its face it purports to be based upon such an information. The day upon which the said search warrant was issued was Sunday. It is not clear from the record whether the

defendant was arrested upon that warrant or a warrant for his arrest issued on the following day, according to the transcript. The said Andrew Thompson lodged an information under oath before the said justice on Nov. 20, 1922, which is returned with the transcript. From the transcript it appears that the defendant was "brought in for hearing." On Nov. 20, 1922, a hearing was held and defendant held for court upon "said charge" in $500 bail, which he entered on Nov. 21, 1922. At the December Sessions a true bill was returned against him by the grand jury and the case continued until March Sessions of this court. The defendant renewed his bail to appear at the time. This application was made and rule granted on Dec. 21, 1922. The search warrant issued by the defendant is irregular and must be quashed, for the reason that it was issued without an information previously lodged to support it and on Sunday. See section 8, art. I, of the Constitution and the Act of 1705, 1 Sm. Laws, 25. The constitutional provision here involved is as follows: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, or without probable cause, supported by oath or affirmation subscribed to by the affiant." The Act of 1705, 1 Sm. Laws, 25, provides that "no person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree except in case of treason, felony or breach of the peace, and the serving of any such writ, precept, warrant, order, judgment or decree shall be void to all intents and purposes whatsoever. . . ."

The violations of law with which the defendant is charged are not within the exceptions mentioned in the act. There is, however, the further reason why this search warrant must be quashed, which is of far-reaching importance, and is encountered in every case where there has been a search and seizure for and of intoxicating liquors on premises for which no license has been granted. There is no statute in this State authorizing the issuing of a search warrant to search premises other than those so licensed for such liquor, except where it is alleged in the information to be stolen. The nearest approach to it is section 23 of the Woner Act, which relates only to licensed premises. The property seized in this case is, therefore, illegally held. It cannot be used as evidence against the defendant, because its admission would transgress the provision of the Constitution of Pennsylvania contained in section 9 of article I, that the accused "cannot be compelled to give evidence against himself." The defendant has made a seasonable application for its return to him, and he is entitled to have it returned at this time. See Bishop on Criminal Procedure, § 212. In Weeks v. United States, 232 U. S. 383, where certain letters had been seized in an unlawful search of the room of the defendant and were retained for use as evidence against him, Mr. Justice Day says: "The right of the court to deal with papers and documents in the possession of the district attorney and other officers of the court and subject to its authority was recognized in Wise v. Henkel, 220 U. S. 556. That papers unlawfully seized should be turned over to the accused has been frequently recognized in the early as well as later decisions of the courts: . . . Rex v. Barnett, 3 C. & P. 600; Rex v. Kinsey, 7 C. & P. 447; United States v. Mills, 185 Fed. Repr. 318; United States v. McHie, 194 Fed. Repr. 894, 898. We, therefore, reach the conclusion that the letters in question were taken from the house of the accused by an official of the United States, acting under color of his office, in direct violation of the constitutional rights of the defendant; that, having made a seasonable application for their return, which was heard

3 D. & C.

and passed upon by the court (below), there was involved in the order refusing the application a denial of the constitutional rights of the accused, and that the court (below) should have restored these letters to the accused." See, also, People v. Marxhausen (Mich.), 171 N. W. Repr. 557; 3 A. L. R. 1505; State v. Peterson (Wyom.), 194 Pac. Repr. 342; 13 A. L. R. 1284; Burdeau v. McDowell, 256 U. S. 465. The case of Weeks v. United States and the instant case are to be distinguished from that of the Com. v. Vigliotti (No. 1), 75 Pa. Superior Ct. 366, where it was not until the trial, when liquor seized at the time of the defendant's arrest, but without a search warrant, was offered in evidence, that the question of the legality of the seizure was raised. In sustaining the admission of evidence by the court (below), Judge Henderson said: "The court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence, otherwise competent, was obtained." The objection and application for the return of the property in the instant case, as in that of Weeks v. United States, 232 U. S. 383, was made in advance of the trial. We, therefore, reach the conclusion that the seizure of the vessel or still and the five jugs of liquor in the house of the defendant was illegal and a violation of his constitutional rights; that it is, for that reason, inadmissible in evidence against him and must be returned to him.

And now, March 5, 1923, the rule is made absolute, the search warrant is quashed and the District Attorney is directed to surrender to the defendant the said vessel or still and five gallons of liquor belonging to the defendant, seized and held for use as evidence against the defendant.

From Calvin S. Boyer, Doylestown, Pa.