FRANK MEEGAN, Appellant, *v.* JOHN C. TRACY, Respondent. WILLIAM J. KLINE, Former Sheriff of Columbia County, Appellant.

Third Department, May 4, 1927.

Replevin — property in custody of law — property in question was seized on search warrant and placed in custody of defendant, county judge — papers on which warrant was issued alleged that property was used in carrying on lottery or base-ball pool — grand jury indicted five men, under Penal Law, § 1372, but did not indict plaintiff — plaintiff's attorney executed requisition for property in replevin and sheriff seized it, although it was in custody of county judge, and delivered it to plaintiff — property, being in custody of law, cannot be replevied — papers on which search warrant was issued were sufficient, but if not, question cannot be raised collaterally — plaintiff is responsible for acts of attorney in issuing requisition and must return property.

This is an action to replevy property seized on a search warrant and placed in the custody of the defendant, the county judge of Columbia county. The papers on which the search warrant was issued alleged that the property was being used in carrying on a lottery or base-ball pool, and after its seizure five men were indicted, under section 1372 of the Penal Law, but the plaintiff was not so indicted, and later instituted this action in replevin, claiming to be the owner of the property. The plaintiff's attorney issued a requisition in replevin and the sheriff seized the property, and although he was advised by the district attorney that the property was in possession of the court and was evidence in a pending criminal prosecution, he, nevertheless, delivered the property to the plaintiff.

Property in the custody of the law cannot be replevied, and, therefore, the order directing the plaintiff to return the property to the defendant was proper, even though the requisition in replevin was issued by the plaintiff's attorney. The plaintiff is responsible for the acts of his attorney.

The Supreme Court has the power to direct the plaintiff to restore the property to the custody of the court from which it was taken.

The papers on which the search warrant was issued were sufficient, but even though they were not, the sufficiency thereof cannot be raised collaterally in this action.

APPEAL by the plaintiff, Frank Meegan, and by another, from an order of the Supreme Court, made at the Columbia Special Term and entered in the office of the clerk of the county of Columbia on the 9th day of February, 1927, resettling an order entered in said clerk's office on the 3d day of February, 1927, granting defendant's application for leave to submit the information of Lyman H. Bevans, sworn to September 16, 1926, and the search warrant issued thereon September 20, 1926, for consideration on the original motion, and requiring plaintiff to deliver to defendant the property taken from his possession as county judge of Columbia county and delivered

to plaintiff by William J. Kline as the sheriff of the county under plaintiff's requisition.

*Daniel V. McNamee* [*Samuel B. Coffin* with him on the brief], for the appellant.

*George C. Inman*, for former sheriff William J. Kline.

*R. Monell Herzberg*, for the respondent.

WHITMYER, J. Defendant made two motions, one to dismiss the complaint by notice of motion and one by order to show cause why plaintiff should not return the property in suit to defendant, the county judge of Columbia county, who was holding same as a magistrate. While these motions were pending, defendant moved for leave to submit the information and warrant with other exhibits and papers, in the search proceedings, in which the property was delivered to him. The motions to annex the information, exhibits and search warrant and requiring plaintiff to return the property were granted.

The action is in replevin and has been brought by plaintiff, claiming, as owner, to recover the possession of certain linotype machines, presses and other articles from defendant, who is county judge of Columbia county and claims the right to hold same as magistrate, acting in a search proceeding.

The action has been brought against him as an individual on the theory that the information and warrant in the proceeding were void and the order herein is assailed on that ground and the further ground that the court is without power in a common-law action to require a plaintiff to perform an affirmative act against his own interest.

The history of the case is pertinent. On September 11, 1926, Lyman H. Bevans swore to an information, presented same, with the exhibits referred to therein, to the county judge of the county, acting as magistrate, and asked that a search warrant issue for certain property, located in a building on the southwest corner of Ferry and Water streets, Hudson, N. Y., having the words " Hudson Wholesale Grocery Company " painted on it along the top. It was alleged that the property was used in carrying on a lottery or baseball pool. On September 20, 1926, defendant, as such magistrate, issued a search warrant. On September 30, 1926, the sheriff of the county made a return showing that he had executed the warrant on the property in suit and, on October 4, 1926, delivered same to defendant, who took possession and held it as magistrate. On that day and at defendant's request, one William H. Kennedy procured two men, who were appointed special deputy sheriffs for

the purpose by the sheriff of the county to watch and guard the property.

On October 29, 1926, the grand jury of the county returned an indictment against five men, accusing them of a felony, under section 1372 of the Penal Law, in operating a lottery or base-ball pool in said city in violation of the law. Plaintiff was not indicted. Four were arraigned, demurred to the indictment, and asked to inspect the minutes of the grand jury. The motions have not been decided and the indictment has not been disposed of.

Defendant was away from the city from Wednesday, November 17, 1926, at eight A. M., until Sunday evening, November 21, 1926. He swears that plaintiff's attorney knew that he had planned to go away. The complaint and affidavit in the action were verified on November 17, 1926, the requisition was dated on that day, and the undertaking was dated and acknowledged on November 16, 1926. The sheriff served the papers on Kennedy on November 18, 1926, and took the property. On the same day the district attorney of the county notified the sheriff that the property was evidence in a criminal action, which was pending, and directed him not to turn it over to any one without notifying him. The sheriff agreed. Nevertheless, he turned it over to plaintiff. He was a willing sheriff. He served the papers in the action on defendant on November 22, 1926. And plaintiff, after receiving the property, sold it, he says, under an agreement of sale, and does not know where it is.

A certified copy of the search warrant and certified copies of the information and the papers upon which the warrant was issued accompanied the moving papers. Examination shows that they were sufficient to warrant the search and seizure. If they were not, the question could and should have been raised in that proceeding. (Code Crim. Proc. §§ 791–793, 807–809.) It may not be raised collaterally.

Next, the seizure was lawfully made and the property came into the magistrate's possession legally. In his possession it was in the custody of the law and was beyond the reach of the requisition in replevin while the necessity to use it in a criminal proceeding remained. (*Simpson* v. *St. John*, 93 N. Y. 363, 366; *People ex rel. Simpson Co.* v. *Kempner*, 208 id. 16, 23, 24.) The grand jury had indicted five persons for operating a lottery or base-ball pool. The indictment was pending and the property was to be ·used as evidence on the trial or trials under the indictment. Thus, it was beyond the power of the sheriff to take the property from the custody of the law. Nevertheless, he took it and turned it over to plaintiff under a requisition in replevin, issued by plaintiff's attorney. An

attorney is an officer of the court and where he is guilty of an abuse of the process of the court and his client reaps a benefit by his unlawful act, the court has power to direct the party to restore the property to the custody of the court, from which it was taken. Having obtained the property under the circumstances shown, plaintiff should be required to return it.

The order should be affirmed, with costs.

VAN KIRK, Acting P. J., HINMAN, McCANN and DAVIS, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.