## COGEN v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
February 20, 1928.

No. 257.

1. **Replevin** ⊜⇒4—**Papers, like other chattels, can ordinarily be recovered only by some possessory remedy.**

Papers, like other chattels, can ordinarily only be recovered by some possessory remedy, such as replevin.

2. **Criminal law** ⊜⇒1023(3)—**Order denying motion, made after commencement of prosecution, for return and suppression as evidence of papers seized from defendant on his arrest, held not appealable (Jud. Code, § 128 [28 USCA § 225]; Search Warrant Act, § 16 [18 USCA § 626]).**

Order denying defendant's motion for return of certain papers taken from defendant on his arrest, including package of uncanceled whisky prescription blanks, and for their suppression in evidence, *held* interlocutory and not final decision, from which appeal could be taken under Judicial Code, § 128 (28 USCA § 225), and Search Warrant Act, § 16 (18 USCA § 626), where motion was made after defendant's indictment for violation of National Prohibition Law (27 USCA); motion to suppress under such circumstances being merely a step in the preparation for the trial.

In Error to the District Court of the United States for the Southern District of New York.

J. Robert Cogen was indicted for a conspiracy to violate the National Prohibition Law, and to review an order denying defendant's motion to return certain papers taken from him, and to suppress their use as evidence, defendant brings error. Appeal dismissed.

The plaintiff in error was arrested without warrant in a drug store by a prohibition agent, the nature of the charge, if declared at all at the time, not appearing in the record. A complaint was then sworn out against him, the contents of which also does not appear, and later he was indicted for a conspiracy to violate the National Prohibition Law (27 USCA). At the time of his arrest, but whether before or after it was made is in dispute, the agent searched his person, and in his pockets found a memorandum book, certain cards and papers, and a package of 81 uncanceled whisky prescription blanks. These the agent seized and delivered to the district attorney for use upon trial of the indictment.

The plaintiff in error then moved upon affidavit in the District Court to compel the district attorney to return the papers and to suppress their use as evidence. The grounds for this motion were that he was unlawfully arrested, and that in any event he was searched before his arrest. The District Judge decided both points against him and denied the motion.

Sanford H. Cohen, of New York City (George Cohen, of New York City, on the brief), for plaintiff in error.

Robert B. Watts, of New York City, for defendant in error.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1] Papers, like other chattels, can ordinarily be recovered only by some possessory remedy, such as replevin; we have to do neither with that, nor with a bill in equity for the same relief. This case comes up upon motion in the criminal prosecution then pending, and, while we attach no significance to the way in which the papers are entitled, it is plain that unless the motion lay as an independent proceeding, it was but a step in the defense and the order is not a "final decision" under section 128 of the Judicial Code (28 USCA § 225). Under section 16 of the Search Warrant Act (18 USCA § 626), upon the return of the executing officer, the judge or commissioner allowing the writ is to restore property unlawfully seized. Such an order, after indictment, was treated sub silentio as a "final decision" in Steele v. U. S., No. 1, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, and in Re No. 191 Front Street, 5 F.(2d) 282 (C. C. A. 2), and U. S. v. Kirschenblatt, 16 F.(2d) 202 (C. C. A. 2), we did the same.

As search warrants are almost invariably issued before indictment, it is probable that in all these cases the warrants had issued before the indictments were found, but that circumstance was not considered. In re Hollywood, 5 F.(2d) 851 (C. C. A. 2), seems not to have involved any prosecution. On the other hand, in Coastwise, etc., Co. v. U. S., 259 F. 847 (C. C. A. 2), we held that an order upon search warrant issued before indictment was not appealable, if entered after indictment found, and the same was ruled by the Ninth Circuit in Jacobs v. U. S., 8 F. (2d) 881, distinguishing Steele v. U. S., because in that case no suppression of the evidence had been asked. See, also, U. S. v. Mattingly, 52 App. D. C. 188, 285 F. 922. We need not now consider how far the last three cases can stand after Steele v. U. S., or whether it makes any difference that a prayer is added for the suppression of the evidence. It is enough that the order at bar

did not determine a search warrant proceeding.

In Essgee Co. v. U. S., 262 U. S. 151, 43 S. Ct. 514, 67 L. Ed. 917, an order was reviewed which, after indictment, denied the return of papers produced in compliance with a subpœna duces tecum issued by the grand jury. The point was again assumed without discussion, and the case is in any event to be distinguished, in that the motion was a determination of a proceeding commenced by the court's writ. In this regard it was like a search warrant, though issuing as of course. No doubt a court has always supervision over the execution of its writs (Wise v. Henkel, 220 U. S. 556, 558, 31 S. Ct. 599, 55 L. Ed. 581), and its orders may perhaps be treated as final which dispose of them.

[2] Again, the motion was not made, and decided before indictment found to compel the district attorney to return papers unlawfully seized, like Perlman v. U. S., 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950, and Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, or after the indictment had been quashed, as in Re Brenner, 6 F.(2d) 425 (C. C. A. 2). Dowling v. Collins, 10 F.(2d) 82 (C. C. A. 6), arose upon orders made after search warrant, and moreover the chattels seized had a value quite independent of their use as evidence. Possibly in such a case an order, even though not disposing of a writ, should be treated as final, because it determines the title to the property. In the case at bar no writ had issued, and the property, so far as appears by the record, was of no value, except as evidence on the trial. A motion to suppress and surrender the evidence, made after indictment in such a case, appears to us no more than a step in preparation for the trial and the order as interlocutory.

Appeal dismissed.

MANTON, Circuit Judge (concurring). The order appealed from denied the application of the plaintiff in error for the return of papers, cards, memoranda, and books seized from his person. It directs their suppression as evidence which might be offered upon the trial of an indictment found against him by the grand jury. The order is not appealable, because it is interlocutory, and not final. It was not an independent proceeding. The application for their return, as unlawful, in violation of the constitutional rights of this plaintiff in error, was prosecuted as an incident to the pending criminal proceedings. If it were an independent proceeding, the order is final and appealable, under section 225 of title 28 of the United States Annotated Code.

The mere fact that criminal proceedings were pending prior to the petition for the return of the papers is not of itself conclusive on the question of whether the petition enters the criminal prosecution, nor would the fact that the property was seized pursuant to a search warrant make the proceeding for the return of such property a special proceeding. Where the petition is directed to the warrant itself, and seeks the return of property seized thereunder, it is a special proceeding and the pendency of the criminal action is unimportant. Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761; United States v. Kirschenblatt (C. C. A.) 16 F.(2d) 202. Similarly where property is obtained under subpœna duces tecum. Essgee Co., etc., v. United States, 262 U. S. 151, 43 S. Ct. 514, 67 L. Ed. 917.

But where the application attacks the warrant, demanding a return of the property, and seeks to suppress the property seized as evidence, then, if there be a criminal action pending, the application must be regarded as within the criminal proceeding, and the order entered is interlocutory. Jacobs et al. v. United States (C. C. A.) 8 F.(2d) 981; Coastwise Lumber & Supply Co. v. United States (C. C. A.) 259 F. 847. In Kirvin v. United States (C. C. A.) 5 F.(2d) 282, we reviewed an application made during the pendency of a criminal action, which sought to vacate a search warrant and incidentally asked for the suppression of any information obtained therefrom. There the application was begun under a separate and independent title, and was intended primarily to attack the validity of a search warrant. Of course, if there be no criminal action pending, it would follow that an application respecting an alleged illegal search warrant is a special proceeding. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048; In re Hollywood Cabaret, etc. (C. C. A.) 5 F.(2d) 651. So where the application is made by a third party, asserting that his property has been wrongfully seized, an order entered is final and appealable, and it is immaterial whether criminal proceedings are pending, or whether search was made pursuant to an alleged illegal arrest or alleged illegal search warrant. Perlman v. United States, 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950.

At bar, the papers were seized pursuant to a claimed illegal arrest. The application

not only asked for the return of the papers, but for their suppression as evidence, and it is clear that the application was in the criminal action, and the order entered is interlocutory, and not appealable. The appeal should be dismissed.