FRANK ERICKSON, Plaintiff, *v.* FRANK S. HOGAN, as District Attorney of New York County, et al., Defendants.

Supreme Court, Special Term, New York County, June 19, 1950.

*Frank S. Hogan, District Attorney (Whitman Knapp* and *Charles W. Manning* of counsel).

*Charles J. Preusse, Acting Corporation Counsel (Saul Moskoff, Murray Rudman* and *William E. Walsh* of counsel), for William P. O'Brien, as Police Commissioner of the City of New York, and another, defendants.

*Sol Gelb* and *Harris B. Steinberg* for plaintiff.

GAVAGAN, J.  This action has been brought and a motion made to secure an injunction restraining the defendants from presenting or using the testimony given by plaintiff before a subcommittee of the Committee on Interstate and Foreign Commerce of the United States Senate on April 28, 1950, or any evidence derived from clues furnished thereby or the records seized under a certain search warrant affecting premises 487 Park Avenue, dated May 1, 1950, or any evidence derived from clues thereby furnished before any grand jury proceeding directed at plaintiff or at any trial of the plaintiff.  The defendants have moved to dismiss the complaint for insufficiency before answering the complaint and the plaintiff's motion.  The action also seeks return of the seized records.  Plaintiff contends his testimony before the Senate subcommittee and any " leads " derived therefrom may not be used against him in the State courts by virtue of section 3486 of title 18 of the United States Code, which reads: " § 3486. *Testimony before Congress: immunity.*  No testimony given by a witness before either House, or before any committee of either House, or before any joint committee established by a joint or concurrent resolution of the two Houses of Congress, *shall be used as evidence*

*in any criminal proceeding against him in any court,* except in a prosecution for perjury committed in giving such testimony \* \* \*." (Italics supplied.)

The statute is applicable to procedure in the State courts (*Claflin* v. *Houseman,* 93 U. S. 130; *Erickson* v. *Macy,* 231 N. Y. 86, 91–92; *Brown* v. *Walker,* 161 U. S. 591; *People* v. *Donnenfeld,* 198 App. Div. 918, affd. 233 N. Y. 526; *People* v. *Elliott,* 123 Misc. 602). It is further contended the affidavit in support of the warrant issued by the Judge of the Court of General Sessions sitting as a magistrate was insufficient and the warrant and seizure are illegal particularly because the things seized were not the instrumentalities or means of committing crime, but the evidence of crime, and the supporting affidavit insufficiently identified the things to be seized; the papers were themselves not offending or in the possession of the person with intent or capable of use to commit crime (*Gouled* v. *United States,* 255 U. S. 298).

Petitioner has heretofore moved twice in the Court of General Sessions attacking the warrant and seizure. One application was denied and the other was undecided at the time of submission of these motions. In the opinion of the court the action may not and should not be permitted to be grounded upon any claims urging insufficiency or defect in the affidavit, warrant or seizure. In *Meegan* v. *Tracy* (220 App. Div. 600) a warrant was executed resulting in the seizure of property from the possession of plaintiff. Five others were indicted. Plaintiff brought action to replevy the things seized and then in the possession of the defendant county judge. It was found the warrant was legal but it was also declared that its sufficiency and legality cannot be collaterally attacked by action and plaintiff is remitted for his relief to the warrant proceeding.

The immunity arising from the Federal statute raises a different question. Ordinarily a court of equity will not intervene to enjoin the enforcement of law by the prosecuting officials (*Reed* v. *Littleton,* 275 N. Y. 150) unless there would be an irreparable injury, the sole question involved is one of law and a clear legal right to the relief is shown (*Mills Novelty Co.* v. *Sunderman,* 266 N. Y. 32; *Triangle Mint Corp.* v. *Mulrooney,* 257 N. Y. 200). Involved here is not solely a question of law. In effect plaintiff seeks a declaration that the evidence being used by the defendant District Attorney flows from the testimony given before the senatorial investigating subcommittee and the Grand Jury is acting principally upon it. (*People* v.

*Donnenfeld,* 198 App. Div. 918, affd. 233 N. Y. 526, *supra*; *People* v. *Elliott,* 123 Misc. 602, *supra*.) In the *Elliott* case the court stated (p. 604) : " Having reached the conclusion that the grand jury was without authority to consider Bentley's testimony in the bankruptcy proceeding, and there being no other evidence to sustain the indictment, which was founded principally upon Bentley's testimony, the motion to set aside the indictment is, therefore, granted." Certainly the factual issue could not possibly be determined on a motion for temporary injunction and a court of equity should not entertain the action seeking to achieve its determination. As already indicated, if plaintiff feels aggrieved by threatened violation of the Federal statute, his remedy is not by intervention of equity but rather by inspection of the Grand Jury minutes and action in the criminal proceeding to quash any information or indictment found if it is grounded principally on the protected proof.

As to the defendants O'Brien and Grafenecker, the complaint fails completely to allege the testimony and seized records are in their possession or their use is threatened by them. In fact, the contrary appears. This is additional ground for dismissal of the complaint as to them.

The motions to dismiss the complaint are granted and the motion for temporary injunction is likewise dismissed.

Settle order.