OPINION OF THE COURT
Harold J. Rothwax, J.
On October 20, 1983 this court issued a warrant which authorized the search of the premises of a restaurant, Tom’s Shangri-La, owned and operated by Tom’s Associates, Inc., for books and records of the corporation which constituted evidence, inter alia, of sales tax and corporate income tax evasion. The search was upheld under the Fourth Amendment (US Const, 4th Arndt) in a separate opinion. Following the return of the warrant, the documents were placed in custody of the District Attorney (CPL *898 690.55, subd 2). In November and December, 1983, the New York State Department of Taxation and Finance issued notices of deficiency in regard to personal income tax owed by officers of Tom’s Associates, Inc., individually, for the years 1976 through 1979, and in regard to income tax owed by the corporation for the tax years 1979 and 1980, together with a delinquent sales tax assessment. The New York City Department of Finance has also instituted a proceeding to recover $67,000 in business taxes from the corporation for 1980. The petitioner is president of the corporation. He is before the court under indictment for the alleged bribery of a tax auditor, which in turn led to the issuance of the warrant. The District Attorney concedes that documents seized pursuant to the warrant have been made available to civil tax authorities and that the tax assessments are undoubtedly based, in large part, upon such documents. The petitioner seeks to have the documents or copies of the documents in possession of civil agencies returned to the District Attorney and to preclude these civil agencies from using the documents or copies in any civil litigation or proceeding. The court has previously held, in a related action, that the District Attorney could enlist the assistance of experts within the city or State government to evaluate business records for presentation to a Grand Jury (CPL 190.25, subd 4). To the extent that members of civil tax authorities were given access to the documents upon that basis, the court approved the procedure. The court’s previous order did not, however, contemplate the obtaining by civil authorities from the District Attorney of documents or copies of documents seized pursuant to the search warrant, for use in civil tax proceedings. The propriety of this disclosure is the only issue presently before the court.
JURISDICTION
A preliminary question is whether this court has jurisdiction over the subject matter of the petition. The court’s authority to control the disposition of property seized pursuant to its warrant is established by statute (CPL 690.55) and by long usage. (Simpson v St. John, 93 NY 363, 365.) Courts retain an “inherent authority” to decide questions concerning an allegedly unreasonable use *899 of their process. (Wise v Henkel, 220 US 556, 558.) Moreover, property seized pursuant to a search warrant technically remains in the custody of the court, and the District Attorney or property clerk possesses the property only as an officer of the court, subject to the court’s direction and disposition. (Simpson v St. John, supra; 1973 Atty Gen [Inf Opns] 239, 240; Wise v Henkel, supra; cf. Hunsucker v Phinney, 497 F2d 29, 32, n 3, cert den 420 US 927.) Moreover, apart from invoking this court’s authority to control the disposition of items seized pursuant to its process, the petitioner has no adequate remedy. An action for replevin is unavailable where the property sought to be recovered is being held as evidence in a pending criminal proceeding. (Goodman v Lane, 48 F2d 32, 35; 1973 Atty Gen [Inf Opns] 239, 240.) In any event, the instant petition seeks to restore possession of the documents to the court, not to the owner. (Simpson v St. John, supra.) The civil tax assessment proceeding will not afford petitioner an opportunity to litigate the means by which the documents were obtained. The documents are concededly relevant and admissible evidence. (See Adams v New York, 192 US 585, 587; Burdeau v McDowell, 256 US 465, 475.) The petition, which seeks in effect to enjoin dissemination of the seized documents by the District Attorney to civil authorities (see CPLR 7109, subd [a]), sounds in equity. (Hunsucker v Phinney, 497 F2d, at p 34; cf. Boyle v Kelley, 42 NY2d 88, 91.) Since no other remedy appears available to the petitioner, the court will consider the merits. (Goodman v Lane, 48 F2d, at pp 34-35.)
MERITS
The several lines of precedent relied upon by the parties are not dispositive of the issue.
The Supreme Court’s recent decision prohibiting the criminal division of the Internal Revenue Service from disclosing documents obtained by Grand Jury subpoena to the civil division, was based upon principles of secrecy in regard to disclosures of the nature and substance of Grand Jury evidence (Fed Rules Crim Pro, rule 6, subd [e] [in US Code, tit 18, Appendix]) which are not applicable here, since the documents at issue were obtained by the court pursuant to search warrant independent of any Grand *900 Jury proceeding and have not been introduced in evidence before a Grand Jury. (United States v Sells Eng., 463 US 418; see Consumer Credit Ins. Agency v United States, 599 F2d 770; cf. Shea v Gabriel, 520 F2d 879; Matter of District Attorney of Suffolk County, 58 NY2d 436; CPL 190.25, subd 4.)
On the other hand, the Supreme Court’s ruling that documents unlawfully seized by law enforcement agents could be introduced as evidence in civil tax proceedings under certain circumstances was based upon the perceived limitations of the deterrent effect of applying the exclusionary rule to such proceedings, and did not constitute sanction or approval for the disclosure of such documents by law enforcement to civil tax authorities. (United States v Janis, 428 US 433, 447; see Tirado v Commissioner of Internal Revenue, 689 F2d 307, 309-312.) There was no occasion to review the propriety of the disclosure, as opposed to the seizure, of the documents in those proceedings. It is a general principle of procedure that courts will not inquire into the source of relevant and admissible evidence. (Adams v New York, 192 US, at p 587; Matter of Grand Jury Proceedings, 466 F Supp 863, 867; cf. United States v Janis, 428 US, at p 447.) The exclusionary rule, designed to promote the policies of the Fourth Amendment, is an exception. (Weeks v United States, 232 US 383, 395.) However, once evidence has been lawfully seized, Fourth Amendment criteria are met, regardless of the subsequent application of the evidence by the government. (See Gouled v United States, 255 US 298, 311-312.) The intragovernmental transfer of evidence is not a new seizure requiring de novo application of Fourth Amendment criteria. (See Elkins v United States, 364 US 206.) It should be noted, however, that were it to appear that the seizure was to obtain evidence of civil wrongdoing, probable cause for the seizure would be lacking, since the validity of the warrant depends upon the establishment of a nexus between the thing seized and a stated crime, and necessarily entails consideration of the police purposes in making the seizure. (Warden v Hayden, 387 US 294, 307; Matter of B. T. Prods. v Barr, 44 NY2d 226, 236-237; see People ex rel. Simpson Co. v Kempner, 208 NY 16, 20-23; cf. Camara v Municipal *901 Ct., 387 US 523 [civil administrative searches].) There is no doubt in this case that the documents were seized as evidence of the stated crimes.
The same principle was recognized by one Circuit Court in the context of court-ordered electronic surveillance, where it was held that the applicable statute (US Code, tit 18, § 2517, subd [2]; CPL 700.65, subd 2) did not prohibit the disclosure of conversations lawfully intercepted by law enforcement agents to civil tax authorities in the course of performing law enforcement duties and in the absence of reason to believe the surveillance was “a ‘subterfuge for developing information for civil tax proceedings’ ” (Griffin v United States, 588 F2d 521, 524; Fleming v United States, 547 F2d 872, 874, cert den 434 US 831).
At first blush these cases present an attractive precedent. They are, however, ultimately unpersuasive for several reasons. There is statutory authorization for disclosure of information obtained pursuant to court-ordered electronic surveillance where “appropriate to the proper performance of * * * [law enforcement] duties” (US Code, tit 18, § 2517, subd [2]; CPL 700.65, subd 2). There is no similar authorization in the search warrant statute (CPL art 690). The court has, nonetheless, accepted this principle in regard to physical evidence by permitting disclosure of documents to civil tax authorities engaged to assist the prosecution and other law enforcement agents in evaluating the evidence in regard to criminal wrongdoing. The civil tax authorities may undoubtedly, through whatever procedures are ordinarily available to them, act upon the basis of information thus obtained. (Griffin v United States, supra.) However, the disclosure of information in order to obtain advice in preparation of a prosecution, which is a law enforcement function, does not necessarily impart the right to transfer physical possession of seized evidence, or copies thereof in the case of documents, for the enforcement of civil tax laws. Insofar as the decision of one Circuit Court concluded that the Internal Revenue Service is a law enforcement agency entitled to receive evidence obtained by other such agencies pursuant to search warrant, the court notes that, unlike the Internal Revenue Service, our city and State tax agencies do not possess law enforcement *902 powers such as the authority to obtain and to execute search warrants. (United States v Hubbard, 686 F2d 955, 960; see Matter of B. T. Prods. v Barr, 44 NY2d, at pp 236-237; CPL 690.05.)
More importantly, although an interceptee may retain a protectable privacy interest in intercepted conversations (Fleming v United States, 547 F2d, at p 874), there is no cognizable property interest in such conversations. (United States v King, 528 F2d 68, 69.) The court’s concern in Hubbard (supra) was also with the privacy, and not with the property interests, of the owner in seized documents. (United States v Hubbard, 650 F2d 293.) There is no question, however, that a business retains a property interest in its records seized pursuant to a search warrant. (Sovereign News Co. v United States, 690 F2d 569, 577; Richey v Smith, 515 F2d 1239, 1242, n 5.) The seizure of property as evidence does not affect the title in the thing seized, but is only a temporary deprivation of use and possession. (Simpson v St. John, 93 NY, at p 365; cf. Plymouth Sedan v Pennsylvania, 380 US 693, 699 [no title in per se contraband].) Therefore, a seizure and retention of property as evidence, although lawful in terms of the possessor’s expectations of privacy, may constitute a deprivation of the owner’s property interests deserving of due process protection. (See, e.g., Rawlings v Kentucky, 448 US 98; United States v Salvucci, 448 US 83, 91, n 6; Matter of Special Investigation No. 228, 54 Md App 149; Warden v Hayden, supra, at pp 307-308 [lawful seizure does not necessarily justify retention of property].) In general, the government may not interfere with an owner’s use and continued possession of property without affording the owner due process. (Fuentes v Shevin, 407 US 67, 84-86.) The degree of procedural protection required, and the timing of the process in relation to the deprivation, depends upon the weight of the government’s interest in the property in comparison with the extent of the deprivation. (See Morrissey v Brewer, 408 US 471, 481.) As the government’s interest increases in importance in relation to the degree of intrusion upon the owner’s use of property, less procedural protection is required, and in extraordinary cases of governmental necessity the process may be postponed until after the seizure. (Fuentes v Shevin, supra, at *903 pp 91-92, and n 23; Morrissey v Brewer, 408 US 471, 481, supra.) Conversely, in most cases a usurpation of property requires previous notice and a hearing. (Goldberg v Kelly, 397 US 254, 263; Fuentes v Shevin, 407 US, at p 90, n 21.)
The government has a uniquely important need to obtain, and to avoid the destruction of evidence of crimes, which enables it, in compliance with Fourth Amendment standards, to deprive a person of property without notice or any preseizure right to be heard. (Fuentes v Shevin, supra, at p 93, n 30; see CPL 690.50; cf. Zurcher v Stanford Daily, 436 US 547, 581-583, Stevens, J., dissenting [innocent possessors of mere evidence should receive preseizure notice and hearing].) Moreover, in the Fourth Amendment context, the owner is not automatically entitled to a post-seizure hearing, but must initiate an action at law or in equity to regain possession of the thing seized (Warden v Hayden, 387 US, at p 308; cf. Fuentes v Shevin, supra, at pp 90-91; United States v Spilotro, 680 F2d 612, 617 [postseizure Rico hearing]), and as long as the exigencies of prosecution require retention of the property as evidence, a motion to regain possession must be denied. (United States v Sherwin, 539 F2d 1, 8, n 10; United States v Hubbard, 686 F2d 955, 961, supra [MacKinnon, J., concurring]; cf. McClendon v Rosetti, 460 F2d 111; but see A Quantity of Books v Kansas, 378 US 205, 210, n 2 [First Amendment liberty entitled to preseizure protection].) However, a prolonged retention of property as evidence without initiation of any proceedings may violate due process (Coury v United States, 426 F2d 1354, 1356; United States v Premises Known as 608 Taylor Ave., 584 F2d 1297, 1304-1305; Sovereign News Co. v United States, 690 F2d, at p 578; Matter of Brenner, 6 F2d 425, 426-427), and the property must be returned to the owner once its evidentiary value has been exhausted. (Bova v United States, 460 F2d 404, 406, n 5; United States v Farrell, 606 F2d 1341, 1343.)
When the property seized is no longer needed as evidence, the government must establish, in an appropriate proceeding, an independent interest to justify any further retention. (McClendon v Rosetti, supra; Matter of Brenner, 6 F2d, at p 427; Lowther v United States, 480 F2d 1031, 1035.) Independent grounds for retention of seized property *904 no longer required as evidence include statutory forfeiture, levy, and proceedings as to title, and due process requires notice and a full hearing in such instances. (United States v Farrell, 606 F2d, at pp 1344-1345; United States v Francis, 646 F2d 251, 263; McClendon v Rosetti, supra; United States v Rapp, 539 F2d 1156, 1161.) Due process may also require that during retention of the property as evidence, the intrusion upon the owner’s right to continued use and possession be proportionate to and not exceed the government’s need for the property as evidence. (See, e.g., United States v Premises Known as 608 Taylor Ave., 584 F2d, at p 1304; cf. Zurcher v Stanford Daily, 436 US, at p 581 [Stevens, J., dissenting].) Thus, for example, courts have consistently required law enforcement agencies to provide copies of seized business records to the owner, where the business cannot be conducted without the records. (Standard Drywall v United States, 668 F2d 156, 157, n 2, cert den 456 US 927; Offices of Lakeside Non-ferrous Metals v United States, 679 F2d 778, 780; see Hunsucker v Phinney, 497 F2d, at p 35.) The deprivation of the ability to maintain the business by virtue of seizure of the records is an interest cognizable under the due process clause. (Matter of Hynes v Moskowitz, 44 NY2d 383, 395 [subpoena duces tecum, constitutional standards required in retention of records, including provision of copies].) Even though copies of the documents, or even the originals, are returned, the owner continues to have a property interest in any documents or copies that are retained. (See Richey v Smith, 515 F2d, at p 1242, n 5; Sovereign News Co. v United States, supra, at p 577; Hunsucker v Phinney, supra, at p 35; Standard Drywall v United States, supra.)
The issue before the court can be resolved upon principles established by the foregoing cases, as follows. The corporation has a property interest in the seized business records which survives the seizure. (Warden v Hayden, 387 US 294, supra.) The surviving property interest is entitled to due process protection when the State attempts to extend its authority over the documents beyond the requirements of the prosecution of crimes. (McClendon v Rosetti, supra; Lowther v United States, supra.) The process due depends upon the degree to which the government’s *905 extended interest in the documents further interferes with the owner’s use and possession, and upon the relative weight of the government’s added interest and the added interference. (Goldberg v Kelly, 397 US, at p 263.) Since the State is entitled to retain possession of the original documents until the investigation or prosecution is reasonably concluded (Simpson v St. John, supra; United States v Hubbard, 686 F2d, at p 961), the only interest affected by the transfer is in copies of the documents, provided to the civil tax authorities.* While this interest is undoubtedly cognizable within the due process clause (Richey v Smith, supra, at p 1242, n 5), it is a minimal intrusion in comparison with the State’s right to retain the documents in conjunction with the prosecution. (See Sniadach v Family Fin. Corp., 395 US 337, 342 [Harlan, J., concurring].) Moreover, to the extent that documents which upon examination are not of use in the criminal proceeding may have been copied for use in the civil proceeding, the court notes that the government interest served thereby is the collection of its internal revenue. This interest has been held to be of an order of necessity equal to the enforcement of the criminal law (United States v Hubbard, 686 F2d, at p 960, n 18; United States v Chapman, 559 F2d 402, 407), and is one of the few governmental interests which, like the execution of a search warrant, justifies the seizure of property without prior notice or opportunity for a hearing. (Fuentes v Shevin, 407 US, at pp 91-92, and n 23; Phillips v Commissioner of Internal Revenue, 283 US 589, 596-597.) Therefore, where as here the initial seizure of the records is lawful, the continued retention of copies, which is a lesser intrusion than the original seizure, for the collection of revenue is, a fortiori, also lawful. (Cf. United States v Chapman, supra.)
The court orders, however, that at the conclusion of the investigation and/or prosecution the original documents be returned to the owner, together with notice to the owner of the copies provided the civil tax authorities, sufficient to provide the owner an opportunity to contest the tax authorities’ possession by an action at law for replevin. (Fuen *906 tes v Shevin, supra, at p 90, n 21; see United States v Spilotro, 680 F2d, at p 617; Phillips v Commissioner of Internal Revenue, 283 US, at p 597 [postseizure hearings].)

 The court orders the District Attorney to maintain the original documents in his exclusive possession (CPL 690.55.)