WALTER SIEMIASZ, Respondent, v. SAMUEL LANDAU and EDWARD L. KEELY, Appellants.

Fourth Department, June 29, 1928.

*Albert Ottinger, Attorney-General* [*Patrick H. Clune, Deputy Assistant Attorney-General*, of counsel], for the appellant Keely.

*D. E. Powers* and *M. S. Ogonowski*, for the respondent.

No appearance for the appellant Landau.

PER CURIAM. The judgment as to the defendant Landau must be affirmed as the record discloses no error of law or fact by which he is aggrieved.

The following relates solely to the defendant Keely. The matters in connection with the taking of the sum of $132 by the defendants from the plaintiff were submitted to the jury by the learned trial court without substantial error, and if the recovery against the defendant Keely were limited to that amount and reasonable exemplary damages in addition, we should affirm the judgment. As to the balance of the matters involved in the action, an incorrect theory of the defendant Keely's defense was laid down in the charge to the jury. The defendant Keely's case rested on his acting as a peace officer executing a search warrant. (Executive Law, § 97, added by Laws of 1917, chap. 161, as amd. by Laws of 1924, chap. 426.) In this action of trespass and conversion, the sufficiency of the information on which the warrant was issued was immaterial. The officer was justified in making search and seizure by virtue of the search warrant if it was valid on its face. His duty was to execute the warrant without unnecessary force or severity. If he exceeded this reasonable limitation, he was responsible for injuries inflicted. (*Ide* v. *Finn*, 196 App. Div. 304.) If he willfully exceeded his authority or exercised it with unnecessary severity, he was guilty of a misdemeanor. (Code Crim. Proc. § 812.) Whether he did exceed his authority or use unnecessary severity was a question of fact for the jury.

In the absence of an appearance by the plaintiff before the magistrate or further proceedings on his part to secure the return of the property seized by the defendant Keely, the plaintiff cannot complain of the acts of the defendant Keely in delivering the property of John Yaskulski, the original complainant, on the order of the magistrate. (Code Crim. Proc. §§ 804, 807, 809.)

Although definite exceptions were not taken by the defendant Keely to errors in the charge, the interests of justice require a new trial as to the defendant Keely unless plaintiff is willing to stipulate a reduction of the verdict to $132 and interest, and $250 exemplary damages.

The judgment and order should be reversed on the law and the facts as to the defendant Keely, with costs to the appellant to abide the event, unless the plaintiff stipulates within ten days to reduce the judgment as to defendant Keely to the sum of $132, with interest thereon from the 13th day of February, 1926, and $250 exemplary damages, in which case the judgment should be modified in accordance with the terms of the stipulation, and as modified affirmed, without costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and facts as to the defendant Keely and a new trial granted as to said defendant, with costs to the appellant to abide the event, unless the plaintiff shall within ten days stipulate to reduce the verdict to the sum of $132, with interest thereon from February 13, 1926, and $250 exemplary damages, in which event the judgment is modified accordingly and as so modified is affirmed, without costs of this appeal to either party. Judgment affirmed, with costs as to the defendant Landau.