Mario Pittont, J.
Defendant United Artists Corp. moves to dismiss the Village of Lynbrook action to enjoin defendants from showing “ Last Tango in Paris” in Lynbrook, New York, on the ground that CPLE 6330, under which the action was brought, is unconstitutional.
The pertinent part of CPLE 6330 is:
“ The supreme court has jurisdiction to enjoin the sale or distribution of obscene prints and articles, as hereinafter specified:
“1. The district attorney of any county, the chief executive officer of any city, town or village or the corporation counsel, or if there be none, the chief legal officer of any city, town, or village, in which a person, firm or corporation publishes, sells or distributes or displays or is about to sell or distribute or display or has in his possession with intent to sell or display or distribute or is about to acquire possession with intent to sell, display or distribute any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, motion picture, drawing, photograph, figure, image or any written or printed matter of an indecent character, which is obscene, lewd, lascivious, filthy, indecent or disgusting, or which contains an article or instrument of indecent or immoral use or purports to be for indecent or immoral use or purpose; or in any other respect defined in section 235.00 of the penal law, may maintain an action for an injunction against such 'person, firm or corporation in the supreme court to prevent the sale or further sale or the distribution or further distribution or the acquisition, publication or possession within the state of any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, motion picture, drawing, photograph, figure or image or any written or printed matter of an indecent character, herein described or described in section 235.00 of the penal law.” (emphasis added).
I do not intend to belabor the issue with a great deal of intricate reasoning or by pages of discussion as to what I think the United States Supreme Court meant in its June, 1973, obscenity case decisions.
I start by stating the fundamental rule “ * that a strong presumption of validity attaches to statutes and that the burden of proving invalidity is upon those who challenge their constitutionality to establish this beyond a reasonable doubt ’ ” *126 (People v. Scott, 26 N Y 2d 286, 291; also Wiggins v. Town of Somers, 4 N Y 2d 215, 218); and it is the policy of the courts to construe statutes in such a manner as to uphold their constitutionality under both the United States Constitution and the New York Constitution (People v. Kaiser, 21 N Y 2d 86, 103; People v. Epton, 19 N Y 2d 496, 505).
Let us take the key words in CPLR 6330. The first is “ obscene.” It is followed by other words: “lewd,” “ lascivious,” “ filthy,” “indecent or disgusting ”. Then follows a further violative standard: “ or in any other respect defined in section '235.00 of the penal law ’ ’. I hold that each of these words, especially because of the word “ or ” separating them, stands by itself and that the others that follow “ obscene ” do not and were not meant to define, describe, enlarge or circumscribe the word “ obscene.” I hold, therefore, that the word “ obscene ” can and does stand alone, separate from the other words, and can be interpreted without the help or hindrance of the words that follow in the statute.
The undefined use of the word 1 ‘ obscene ’ ’ in Federal obscenity statutes has been held by the'United States Supreme Court to be a matter of judicial construction and can - embody the requirements of Miller v. California (413 U. S. 15), United States v. 12 200-Ft. Reels (413 U. S. 123). Therefore, since the Federal courts can thus construe “ obscene ” in the Federal obscenity laws, the courts, bowing to the superior authority of the United 'States Supreme Court, can do the same in respect to the word “ obscene ” in a ¡State statute; the courts can embody by judicial construction the requirements of the Miller case in CPLR 6330. (ibid.)
The argument is advanced, as stated in Redlich v. Capri Cinema (75 Misc 2d 117), that a court may not add to a statute any language which is wholly absent. The quick argument to this, without the learned display of case citations, is that the courts, especially the United States Supreme Court, under the guise of interpretation, have done so frequently. For example, how often has the United States Supreme Court done this in respect to and in applying the First Amendment of the Constitution!
Anyway, it is conceded- that a court may interpret statutory language so as to preserve its validity. As shown above, decisional law that adds the Miller standards to CPLE 6330 pan help to preserve that statute’s validity.
*127 Another claim is that CPLB. 6330 is void for failure to define the “ community ” to which its obscenity standards now apply. Again, by decisional interpretation, the United States Supreme Court has held that the word “community” in respect to standard for obscenity means that State or State-wide community (Miller, supra; Kaplan v. California, 413 U. S. 115). As previously stated, State standards will be determined in the light of the United States Supreme Court decisions which interpret the First Amendment of the Federal Constitution, and the necessary “ community ” standard applicable to the word “ obscene ” in CPLR 6330 is the New York State standard to be determined in the light of the specific case involved.
We should note that although the United States Supreme Court did not pass upon CPLR 6330, it did, on June 25, 1973, vacate and remand for reconsideration, four cases involving the allied statute, section 235.00 of the Penal Law, which includes the word “ obscene ” (Heller v. New York, 413 U. S. 483; P. A. J. Theatres Corp. v. New York, 413 U. S. 912; Yanucci v. New York, 413 U. S. 912; and G. I. Distributors v. Murphy, 413 U. S. 913). I't could have passed on its constitutionality. It did not do so.
Furthermore, section 235.00 of the Penal Law, also attacked as invalid, was held constitutional in 1970 by a three-Judge Federal Constitutional Court in the Southern District of New York (Milky Way Productions v. Leary, 305 F. Supp. 288, 295, affd. 397 U. S. 98). The court there said (p. 295): “ The attack upon § 235 as void for vagueness is frivolous. Both v. United States sustained the bare word ‘ obscene ’ against a similar assault. See 354 U. S. at 491-492, 77 S. Ct. 1304.”
Although CPLR 6330 was recently held unconstitutional by Mr. Justice Gellietoff of the New York State Supreme Court, New York County, in Redlich v. Capri Cinema (75 Misc 2d 117, supra) on his interpretation of the Miller case, we must keep in mind that the duplicate predecessor of CPLR 6330, that is, section 22-a of the former Code of Criminal Procedure, was held constitutional by the United States Supreme Court in Kingsley Books v. Brown (354 U. S. 436).
The moving defendant has failed to establish that CPLR 6330 is unconstitutional; it has failed to rebut the strong presumption of its constitutionality. I hold CPLR 6330 to be constitutional.
Plaintiff village’s claim and defendants’ denial that the movie is obscene under CPLR 6330 raise an issue that cannot be *128 decided on motion papers. A plenary trial is required. Since plaintiff village requests an injunction pursuant to CPLR 6330, this issue requires a trial in the equity part of this court.
Motion by defendant United Artists Corp. to dismiss the action is denied.
Defendants shall serve and file their answers within the time permitted by the CPLR and the case shall be noticed for trial pursuant to CPLR 6330 (subd. 2).