CARL A. VERGARI, as District Attorney of Westchester County, Appellant, v. PIERRE PRODUCTIONS, INC., et al., Respondents.— In an action pursuant to CPLR 6330 to enjoin defendants from exhibiting the film "The Devil in Miss Jones", the plaintiff District Attorney of Westchester County appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated November 9, 1973, as denied his motion for a preliminary injunction restraining defendants from continuing to exhibit the film and (2) from a further order of the same court, dated November 27, 1973, which denied another motion by him for the same relief. Order dated November 9, 1973 reversed insofar as appealed from and order dated November 27, 1973 reversed, without costs, and motions for preliminary injunction granted. The first motion for a preliminary injunction came on to be heard before Mr. Justice Cerrato, who viewed the film, listened to argument and denied

.the motion, by the first order under review, on the grounds that (1) while CPLR 6330 authorizes the issuance of a permanent injunction enjoining the showing of an obscene film, the statute does not make any provision for the issuance of a preliminary injunction and (2) the relief sought should not be granted under CPLR 6301, which authorizes the issuance of preliminary injunctions in general, because the film had been shown for at least one month prior to the making of the motion and it could not be said that a permanent injunction judgment, if ultimately won by plaintiff in this action, would be rendered ineffectual unless the preliminary relief were granted. In his memorandum, Judge Cerrato stated that he had seen the film and that in his personal opinion the film was obscene by any standard. Following Judge Cerrato's decision, one of the defendants was convicted of obscenity in the second degree (Penal Law, § 235.05) for exhibiting this film, upon a jury verdict, in Suffolk County. Subsequently, plaintiff made his second motion herein at Special Term for a preliminary injunction. This time the motion came on to be heard before Mr. Justice Ingrassia, who denied the motion by the second order under review, holding that unless the situation had changed since the first motion was decided by Judge Cerrato, he was bound by the former decision, that the former decision was the law of the case and may not be altered by a court of co-ordinate jurisdiction and that the criminal conviction did not affect the reasoning underlying Judge Cerrato's decision. Judge Ingrassia also stated that he too had seen the film and that in his opinion it was obscene. It is our opinion that there is authorization in CPLR 6301 for the issuance of a preliminary injunction in this case. That statute permits such relief to be granted " where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff." In *Redlich* v. *Capri Cinema* (43 A D 2d 27, revg. 75 Misc 2d 117) the Appellate Division, First Department, considered the constitutionality of CPLR 6330 and, reversing the Special Term's orders which had dismissed four actions, held the statute constitutional, reinstated the complaints and issued preliminary injunctions restraining the showing of several films in Manhattan. Speaking for a unanimous court, the then Justice Presiding (now Presiding Justice) McGivern found those films obscene by any standard and stated (p. 31): "We further find on the basis of history, common sense and the legislative policy which lead to the enactment of our obscenity laws, that the failure to grant a preliminary injunction would cause grave public harm and constitute an unwarranted rejection of legislative intent." We concur with the First Department's holding, both as to the constitutionality of CPLR 6330 and as to the granting of preliminary injunctive relief in such cases. We have viewed the film here in question and agree that it is obscene by any standard. Considering this, in the light of *Redlich* and the learned opinion therein, we think that the preliminary relief sought herein by the District Attorney should be granted. Gulotta, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.