No. 73–1605. BUCKLEY ET AL. *v.* NEW YORK. Ct. App. N. Y. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state ban on obscenity is prohibited by the First Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the Criminal Court of the City of New York of promotion of obscene material in violation of New York Penal Law § 235.05 (Supp. 1973–1974), which provides in pertinent part:

"A person is guilty of obscenity in the second degree when, knowing its content and character, he:

"1. Promotes, or possesses with intent to promote, any obscene material.

. . . . .

"Obscenity in the second degree is a class A misdemeanor."

"Obscene" is defined in § 235.00 (1967), which provides:

"Any material or performance is 'obscene' if (a) considered as a whole, its predominant appeal is to prurient, shameful or morbid interest in nudity, sex, excretion, sadism or masochism, and (b) it goes substantially beyond customary limits of candor in describing or representing such matters, and (c) it is utterly without redeeming social value. Predominant appeal shall be judged with reference to ordinary adults unless it appears from the character of the material or the circumstances of its dissemination to be designed for children or other specially susceptible audience."

The Appellate Term affirmed the convictions, and the New York Court of Appeals affirmed by a divided court. 33 N. Y. 2d 314, 307 N. E. 2d 805.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 235.05 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the New York Court of Appeals was rendered

after *Miller*, reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Supreme Court Rule 21 (1), which provides that the record in a case need not be certified to this Court, the petitioners did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins*. Petitioners have thus never been provided the independent judicial review to which the Court held them entitled in *Jenkins*. At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante,* p. 141, I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their case decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.