■ In the Matter of MICHAEL AGRESTA et al., Petitioners, v BURTON B. ROBERTS et al., Respondents. In the Matter of CARMEN CARDILLO, Petitioner, v BURTON B. ROBERTS et al., Respondents.—Proceedings pursuant to article 78 of the CPLR (brought on in this court [CPLR 506, subd (b), par 1]) seeking to enjoin respondents from acting in excess of their lawful jurisdiction, vacating a search warrant and directing the return of property seized pursuant to the warrant. The petitioners allege that the respondent Temporary Commission of Investigation of the State of New York (commission) has no authority to seek search warrants and, therefore, the Honorable Justice

Roberts exceeded his authority in issuing search warrants pursuant to which certain specific property was seized. Relying upon such alleged lack of jurisdiction, the petitioners seek to invoke the extraordinary remedy of prohibition and incidentally, an order that the property be returned to them. (See, e.g., *Matter of B. T. Prods. v Barr*, 44 NY2d 226; cf. *Monserrate v Upper Ct. St. Book Store*, 62 AD2d 419, 424.) Assuming, without deciding, that, as a matter of law, the commission had no authority to secure property by search warrant (cf. *Matter of B. T. Prods. v Barr, supra*) and that the Supreme Court Justice exceeded his authority or jurisdiction, and, finally, that the remedy of prohibition would be appropriate in this case, nevertheless, the petitioners have not alleged that they collectively or individually *own* the property seized or otherwise are prejudiced by the commission's present possession of the property. Petitioners apparently rely upon a receipt known as Exhibit A, but such reliance is misplaced. Since no pending proceeding is dependent upon the property at issue and the grant of prohibition to act would not result in any legal relief for the petitioners unless they are entitled to possession of the property, the respondent Roberts' objection to the present proceeding upon the ground that the petitioners fail to state a cause of action is correct. We would further note that the factual background of the instant proceedings is readily distinguishable from that presented in *(Matter of B. T. Prods. (supra)*, wherein the Court of Appeals approved the use of the extraordinary remedy of prohibition. In that case, the court found that the State Organized Crime Task Force had obtained the search warrant in question as part of a generalized investigation with no particular focus. In addition, there was no indication that the material seized (petitioner's business records) would ever form the basis of a criminal prosecution thus enabling petitioner to challenge the warrant by way of a motion to suppress. In the instant case, however, the warrant was obtained as part of the commission's investigation of a particular criminal activity, namely gambling in the City of Amsterdam. The materials seized consisted of gambling paraphernalia, records and proceeds. Moreover, it is apparent that criminal prosecutions arising out of the investigation have only been delayed due to a challenge to the appointment of a Special District Attorney *(Matter of Board of Supervisors of Montgomery County v Aulisi*, 62 AD2d 644, affd 46 NY2d 731). Accordingly, the remedy of prohibition should not lie here since an adequate alternative remedy will be available to petitioners should they be named as defendants in these criminal prosecutions. Petitions dismissed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.