■ PHILEX ENTERPRISES, INC., Appellant, v GERTRUDE LANZNER, Respondent.—In an action, inter alia, for a judgment declaring that certain merchandise maintained and sold by the plaintiff is not obscene or pornographic within the meaning of the lease between the parties, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Bambrick, J.), dated August 15, 1986, which, upon denying its motion, inter alia, to stay the consequences of a "notice to cure" dated April 18, 1986, and upon granting the defendant's cross motion to dismiss the complaint, inter alia, dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the cross motion is denied, and the motion is granted to the extent that it is declared that the materials and merchandise maintained and sold by the plaintiff are not obscene or pornographic within the meaning of the lease, and it is further declared that the notice to cure the tenant's default dated April 18, 1986, is a nullity.

The plaintiff and the defendant entered into a lease for certain retail premises, which prohibited the tenant from bringing obscene or pornographic material onto the premises. The lease defined "Obscene material" as it is defined in Penal Law § 235.00, and defined "Pornographic material" as "any written or pictorial matter with prurient appeal or any objects of [sic] instrument that are primarily concerned with lewd or prurient sexual activity". The defendant landlord served the plaintiff tenant with a notice to cure the tenant's default in the lease, asserting that certain goods which the tenant maintained and sold on the premises were obscene and pornographic within the meaning of the lease. The tenant sought

and was granted a stay of the notice to cure *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, *rearg denied* 22 NY2d 827) and simultaneously commenced the instant action seeking, *inter alia,* a judgment declaring that the items complained of are not obscene or pornographic within the meaning of the lease.

We disagree with the conclusion of the Supreme Court that the items, several of which depicted or replicated male genitalia, were obscene. The mere depiction of genitalia is not obscene in and of itself *(see, People v Heller,* 33 NY2d 314, 327-328, *cert denied* 418 US 944). The legal definition of obscenity has been limited to offensive depictions of sexual acts, masturbation, excretory functions and lewd genital exhibition *(People v Heller, supra,* at 328). The lease defines "pornographic" in terms of lewd or prurient sexual activity. Lewdness has a legal connotation of conduct rather than appearance *(see, People v Darryl M.,* 123 Misc 2d 723) and therefore does not apply to the items at issue. Prurient connotes sexually arousing *(see, People v Ciampa,* 57 AD2d 932, 935; *see also, Brockett v Spokane Arcades,* 472 US 491, 494, 496). We conclude that the items at issue are not sexually arousing. Thus, the merchandise in question is neither obscene nor pornographic within the meaning of the lease. We note that had the landlord used more specific language to proscribe the sale of these particular items, we would have another case. However, having chosen the words "obscene", "lewd" and "prurient", the landlord has limited her right to contest the tenant's merchandise because the legal definitions of those terms have been narrowly circumscribed by case law interpreting the 1st Amendment of the US Constitution. We do not reach the issue of whether the items at issue constitute "rubber goods" within the meaning of the lease because the landlord's notice to cure did not raise that ground and the tenant did not seek any determination of that question in this declaratory judgment action. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.