**10** AUTOMATIC FINDINGS, INC., Doing Business as SEIDMAN METALS, et al., Appellants, v GRAHAM MILLER, a Division of CRAWFORD AND COMPANY, et al., Respondents. [648 NYS2d 90] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered November 17, 1995, dismissing the complaint, and bringing up for review an order of the same court and Justice, entered on or about October 20, 1995, which granted defendants' motion for summary judgment, unanimously affirmed, with costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

We agree with the IAS Court that there exists no basis to impose liability on defendants who, after being retained by an insurer to investigate a claim for coverage based on a robbery, concluded that the robbery was staged by plaintiffs. Defendants were clearly agents of the insurance company and were acting in the scope of their authority when they investigated the claim and may not be held liable for damages arising from the insurance company's decision to deny the claim. Tortious interference with contract requires, *inter alia*, an intentional inducement to breach, which is absent here, as is any basis to find predatory acts, self-dealing or other tortious conduct. Nor is

there any basis to conclude that defendants' acts, in investigating the claim, were to promote their self-interest (*compare, Greyhound Corp. v Commercial Cas. Ins. Co.*, 259 App Div 317, with *Buckley v 112 Cent. Park S.*, 285 App Div 331).

Furthermore, since the plaintiffs did not rely to their detriment on the reports and actions of defendants in investigating the claim, they may not predicate liability on negligent misrepresentation (*cf., Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536; *Glanzer v Shepard*, 233 NY 236). The relationship between defendants, who investigated the claim, and plaintiffs, who were seeking coverage under a policy of insurance, is not one that is so close as to approach that of privity (*see, Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424). Here, plaintiffs did not rely on any act or failure to act of defendants.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.