■ In the Matter of VERNA HH., a Person Alleged to be Incapacitated. NAOMI II., Appellant; JOHN HH., Respondent. [756 NYS2d 300] —Crew III, J.P. Appeal from an order of the

Supreme Court (Bradley, J.), entered September 20, 2001 in Ulster County, which, in a proceeding pursuant to Mental Hygiene Law article 81, granted respondent's motion to dismiss the petition.

Petitioner and respondent are the children of Verna HH., who is alleged to be an incapacitated person. Prior to the commencement of this proceeding, Verna resided in Kentucky with respondent for approximately 10 years. In May 2001, petitioner traveled to Kentucky, brought Verna back to New York and thereafter commenced the instant proceeding seeking the appointment of a guardian over Verna's person and property. Respondent moved to dismiss the petition contending that Supreme Court lacked jurisdiction or, in the alternative, that Supreme Court should decline jurisdiction on the basis of forum non conveniens. Supreme Court granted respondent's motion, finding that Verna neither had property in, nor sufficient contacts with, New York to confer jurisdiction under Mental Hygiene Law § 81.04. This appeal by petitioner ensued.

We reverse. Mental Hygiene Law § 81.04 (a) (2) empowers Supreme Court to provide the relief afforded by Mental Hygiene Law article 81 to "a nonresident of the state present in the state." The plain and unambiguous language of the statute makes clear that nothing beyond mere physical presence in the state is required in order to confer jurisdiction. Thus, Supreme Court erred in dismissing the underlying petition based upon Verna's lack of property in, or sufficient contacts with, this state.

With regard to whether the petition should be dismissed based upon forum non conveniens, although Supreme Court did not reach this issue, we will do so in the interest of judicial economy. "[T]he doctrine of forum non conveniens 'permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that "in the interest of substantial justice the action should be heard in another forum" ' " (*3H Enters. v Bennett*, 276 AD2d 965, 966, *lv denied* 96 NY2d 710, quoting *National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007, *cert denied* 489 US 1067, quoting CPLR 327). Based upon consideration of various factors, including the availability of an alternative forum in Kentucky, the potential hardship to respondent of having to defend a proceeding in this state and Verna's presence in and contacts with this state, we cannot conclude that respondent has met his burden of demonstrating that New York is an inconvenient forum (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108). Therefore, we decline to dismiss the petition upon that basis.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.