■ In the Matter of GERALDINE MOSS et al., Petitioners, v ELIOT SPITZER et al., Respondents. [798 NYS2d 482]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the submission of any evidence obtained by certain search warrants executed by the respondent Attorney General's Organized Crime Task Force to any grand jury convened to hear evidence and mandamus to compel the return of all seized property in connection with the execution of those search warrants.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

A CPLR article 78 proceeding will properly lie to require the return of property, other than contraband, seized pursuant to a search warrant and held for an unreasonable length of time without the commencement of a criminal action (*see Boyle v Kelley*, 42 NY2d 88, 91 [1977]). Moreover, since property seized pursuant to a search warrant remains in the control of the issuing judge (*see* CPL 690.55 [1]), that judge is a proper respondent in such a proceeding. Therefore, the respondents' contention that the proceeding should be dismissed for want of subject matter jurisdiction is without merit (*see* CPLR 506 [b] [1]; *cf. Matter of B.T. Prods. v Barr*, 44 NY2d 226 [1978]; *Matter of Agresta v Roberts*, 66 AD2d 929 [1978]; *cf. Matter of Williams v Shanley*, 138 AD2d 885 [1988]).

Nevertheless, the petition must be denied and the proceeding dismissed. Contrary to the petitioners' contention, the Organized Crime Task Force, pending the commencement of a criminal action against the petitioners, has the authority to retain property seized as evidence pursuant to search warrants applied for in furtherance of an ongoing investigation (*see* Executive Law § 70-a [4]; *Matter of Agresta v Roberts, supra*). The petitioners have not demonstrated a clear legal right to the relief sought, first because the seized property has not been held for an inordinately long period of time, and second, because the petitioners are seeking, in effect, little more than a preindictment order suppressing evidence (*see Matter of Burse v Bristol*, 203 AD2d 962 [1994]; CPL 710.50).

The petitioners' remaining contentions are either without merit or need not be reached in light of our determination. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.