Stein, J.
Appeal from a judgment of the Supreme Court (Demerest, J.), entered June 20, 2012 in St. Lawrence County, which granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to direct immediate release of seized property.
Petitioner is an “economic and political subdivision” of a federally recognized Indian tribe located in Nebraska. In January 2012, petitioner purchased, among other things, more than 26,000 cartons of cigarettes and cigars from a manufacturer located on the St. Regis Mohawk Indian Reservation in St. Lawrence County and owned by the St. Regis Mohawk Tribe. The tobacco products were then consigned to a common carrier to be delivered to petitioner in Nebraska. During transport, the truck carrying the cigarettes was stopped at a United States Border Patrol checkpoint in St. Lawrence County and the Border Patrol authorities contacted the New York State Police. After the truck driver gave his consent for the State Police to search the truck, the police discovered that the cigarettes did not have state tax stamps (see Tax Law § 471 [1], [2]) and, at the direction of the St. Lawrence District Attorney’s office, seized the truck and its cargo. The District Attorney’s office began an investigation and refused to return the truck and/or *1298 its contents.[1] Approximately five weeks later, petitioner commenced this CPLR article 78 proceeding seeking, among other things, an order directing respondents to return the seized cigarettes. Supreme Court determined that respondents lacked the legal authority to seize the cigarettes, granted the petition and directed that the cigarettes be returned to petitioner. Respondents now appeal and, for the reasons set forth below, we reverse.[2]
Pursuant to well-established law, a CPLR article 78 proceeding for a writ of prohibition is an extraordinary remedy (see Matter of B. T. Prods. v Barr, 44 NY2d 226, 231 [1978]; Matter of New York State Health Facilities Assn., Inc. v Sheehan, 100 AD3d 1086, 1087 [2012], lv denied 21 NY3d 853 [2013]) that “lies only where there is a clear legal right to such relief, and only when [the body or officer involved] acts or threatens to act without jurisdiction in a matter . . . over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction” (Matter of Brown v Blumenfeld, 103 AD3d 45, 54 [2012] [internal quotation marks and citations omitted]; see Matter of Soares v Herrick, 20 NY3d 139, 144-145 [2012]; Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147 [1983], cert denied 464 US 993 [1983]; Matter of Dondi v Jones, 40 NY2d 8, 13 [1976]; Matter of McLaughlin v Eidens, 292 AD2d 712, 713 [2002]; see also CPLR 7803 [2]). Even where such a proceeding is permissible, the court has the discretion to deny the issuance of a writ of prohibition after considering such factors as “ ‘the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity and the remedial effectiveness of prohibition if such an adequate remedy does not exist’ ” (Matter of Soares v Herrick, 20 NY3d at 145, quoting Matter of Dondi v Jones, 40 NY2d at 13; accord Matter of Morgenthau v Erlbaum, 59 NY2d at 147; see Cayuga Indian Nation of N.Y. v Gould, 14 NY3d 614, 633 [2010], cert denied 562 US —, 131 S Ct 353 [2010]).
Initially, we agree with respondents’ argument that petitioner failed to prove the absence of other avenues of relief that would *1299 adequately address the challenged seizure of the cigarettes. Notably, the petition seeking the writ was brought only five weeks after the seizure, which was not an unreasonable length of time to hold the cigarettes (see Matter of Moss v Spitzer, 19 AD3d 599, 600 [2005], lv denied 5 NY3d 714 [2005]). In this regard, the possibility that criminal proceedings — in which the seizure could be challenged — would be commenced could not be foreclosed (see generally Matter of Agresta v Roberts, 66 AD2d 929, 930 [1978]). In fact, while Supreme Court correctly found that no search warrant had been issued and no criminal action had been commenced at the time the writ was sought (compare Matter of Marra v Hynes, 221 AD2d 539, 540 [1995]), there was an open and continuing investigation surrounding the sale and alleged trafficking of non-taxed cigarettes and it was contemplated that, upon completion of such investigation, the matter would be presented to a grand jury (see Matter of Whitehead v District Attorney of Columbia County, 289 AD2d 728 [2001]; Matter of Marra v Hynes, 221 AD2d at 540).[3] Moreover, inasmuch as the harm caused by the alleged excess of power by respondents is primarily economic, and considering the nature of the property seized, petitioner has not established that it could not be made whole by way of a civil claim for monetary damages. Nor has petitioner demonstrated that an “ordinary” action for a declaratory judgment would have been ineffective (see Cayuga Indian Nation of N.Y. v Gould, 14 NY3d at 633-634; Morgenthau v Erlbaum, 59 NY2d at 148). Under these circumstances, we conclude that petitioner failed to prove the unavailability of an adequate alternative remedy for the challenged seizure.
We also agree with respondents that petitioner failed to establish a clear entitlement to a writ of prohibition. As relevant here, Tax Law § 471 (1) imposes “a tax on all cigarettes possessed in the state by any person for sale,” except under circumstances where “this state is without power to impose such tax” (Tax Law § 471 [1]; see 20 NYCRR 74.1 [a] [l]).[4] All cigarettes within the state are presumed to be subject to tax un *1300 less “the contrary is established,” with the burden of proof of nontaxibility falling upon the person in possession of the cigarettes (Tax Law § 471 [1]). In claiming that the sale here was not a taxable event, petitioner relies upon regulations which provide that no tax may be imposed on cigarettes sold to an out-of-state purchaser (see 20 NYCRR 74.1 [c] [4]; 76.1 [a] [1]). However, the same regulations that establish such exemption also require that all out-of-state sales be made by a duly licensed cigarette agent and that a certificate be obtained from the out-of-state purchaser showing that the cigarettes “will be immediately removed from the State to an identified location for such purposes and that such cigarettes shall not be returned to the State for sale or use herein” (20 NYCRR 76.3 [b] [emphasis added]).
Here, petitioner points to the bill of lading, a legally defined document under state law (see General Business Law § 90; 17 NYCRR 810.3), which accompanied the cigarettes and set forth the quantity and source of the cigarettes and that their destination was out-of-state. However, petitioner has produced no evidence that the cigarettes would not be reintroduced into the state.[5] In fact, respondents submitted evidence in the form of, among other things, petitioner’s corporate shipment records and a statement by the driver of the truck, which suggest that petitioner regularly transports back into the state cigarettes purchased from the same manufacturer involved here. As a result, we agree with respondents that petitioner failed to establish that this transaction was a genuine out-of-state transaction that was exempt from taxes in order to overcome the presumption of taxability.
Nor are we persuaded by petitioner’s claim that a writ of prohibition was appropriate because the seizure is unlawful under federal law. The state is permitted under federal law to seize unstamped cigarettes outside the reservation where there is noncompliance with a state’s tax law (see Washington v Confederated Tribes of Colville Reservation, 447 US 134 [1980]). Further, petitioner has not proven that the seizure would violate the Commerce Clause, because such argument depends upon a finding that this sale was a genuine out-of-state transaction, which, as indicated above, petitioner has not shown (see generally Matter of Aurora Corp. of Ill. v Tully, 60 NY2d 338, 343 [1983]; 20 NYCRR 76.3 [a]).
Inasmuch as petitioner has demonstrated neither a clear legal *1301 right to the extraordinary remedy of prohibition nor the absence of an adequate alternative remedy, the petition must be dismissed.[6] The parties’ remaining contentions have been examined and are either academic or lacking in merit.
Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

. Although the truck was eventually released, the contents were not returned at that time. Ultimately, as a result of Supreme Court’s judgment, the District Attorney’s office released to petitioner all but 240 cartons of cigarettes (48,000 cigarettes), which is an amount sufficient to meet the requirements for prosecution under Tax Law § 1814 (c).

. Ohserhase Manufacturing (the seller of the cigarettes at issue here) and Jacobs Tobacco Company, both of which manufacture and sell their own tobacco brands on the St. Regis Mohawk Indian Reservation, were granted permission by this Court to file an amicus curiae brief on appeal.

. In addition to the parties’ submissions to Supreme Court, respondent St. Lawrence County District Attorney submitted for our in camera review, on consent of all parties, certain documents that refer to matters that occurred subsequent to the issuance of the writ.

. Although the state cannot tax sales of cigarettes to “qualified Indians for their own use and consumption on their nations’ or tribes’ qualified reservation,” it may tax sales of “cigarettes sold on an Indian reservation to non-members of the Indian nation or tribe and to non-Indians” (Tax Law § 471 [1]; see Department of Taxation & Finance of N. Y. v Milhelm Attea & Bros., 512 US 61 [1994]).

. We, therefore, need not reach respondents’ additional claim that the Indian seller/manufacturer was not authorized to sell the untaxed cigarettes because it was not a duly licenced cigarette agent.

. Our decision should not be read as holding that the transaction at issue was taxable or that a taxable event occurred here. Because we conclude that a writ of prohibition was inappropriate, the ultimate issue of taxability is not properly before us at this time.