# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1017**

**CA 13-02050**

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

LM BUSINESS ASSOCIATES, INC., NORTHEAST
STAFFING GROUP, INC., TRIPLE COUNTY AGENCY, INC.,
EXECUTIVE RESOURCES, INC., PRO TO CALL, INC.,
AND 1649 MONROE ASSOCIATES, LLC,
CLAIMANTS-RESPONDENTS,

                    V                                MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 107559.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PAUL GROENWEGEN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FINUCANE AND HARTZELL, LLP, PITTSFORD (LEO G. FINUCANE OF COUNSEL),
FOR CLAIMANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------

        Appeal from a judgment of the Court of Claims (Nicholas V. Midey,
Jr., J.), entered August 12, 2013.  The judgment, insofar as appealed
from, determined that defendant was liable to claimants for conversion
and negligent misrepresentation.

        It is hereby ORDERED that the judgment insofar as appealed from
is unanimously reversed on the law without costs and the amended claim
is dismissed.

        Memorandum:  Defendant appeals from a judgment, entered following
a nonjury trial on the issue of liability, in which the Court of
Claims determined that defendant is liable to claimants for conversion
and negligent misrepresentation.  In 2000 and 2001, the State
Insurance Fund, the State Police, and the Workers' Compensation Board
conducted an investigation into suspected fraudulent activities by a
group of affiliated businesses, including claimants, that were owned
and operated in the Village of Palmyra, Wayne County, by, inter alia,
nonparty Mark Boerman.  As part of that investigation, a State Police
investigator sought a warrant to search claimants' offices and to
seize any relevant evidence found therein.  Attached to the warrant
application was an appendix that, inter alia, set forth certain
general considerations for determining whether any particular computer
within the purview of the warrant would be "remove[d] from the
premises" for "process[ing] by a qualified computer specialist in a
laboratory setting," or whether it would be analyzed on site without
the need for removal therefrom.

County Court (Sirkin, J.) granted the application in full and issued the warrant on April 4, 2001, and the warrant was executed the next day. Insofar as relevant on appeal, a number of computers were seized from claimants' premises. It is undisputed that those computers were integral to the operation of claimants' businesses. Over one year later, in September 2002, Boerman was indicted on 19 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35) and 19 counts of workers' compensation fraud (Workers' Compensation Law § 114). Boerman thereafter pleaded guilty in March 2003 to one count of offering a false instrument for filing in the first degree in full satisfaction of the indictment, and he was sentenced to probation. Claimants were never charged.

Following his sentencing, Boerman moved for an order in County Court for the return of the seized computers. The motion was granted in April 2003, and County Court directed that the computers be returned to Boerman "as soon as practicable." The computers were returned within several months. Notably, despite the allegation that claimants' businesses failed in 2001 because they did not have their necessary computers, neither Boerman nor claimants had previously filed an application seeking the return of the seized computers.

Claimants thereafter commenced the instant action seeking damages for, inter alia, conversion of the seized computers, negligent misrepresentation, and constitutional tort (*see generally Brown v State of New York*, 89 NY2d 172, 177-178). The cause of action for negligent misrepresentation stemmed from statements allegedly made by various State agents, at the time of the warrant's execution and in the days thereafter, in which they supposedly promised Boerman and his attorney that the computers would be returned expeditiously as soon as the necessary data was copied. Following a nonjury trial, the Court of Claims rendered an interlocutory judgment in claimants' favor on the issue of liability with respect to the causes of action for conversion and negligent misrepresentation, with damages to be determined following a trial. The court did not reach the cause of action for constitutional tort inasmuch as it held that claimants' injuries were adequately compensated by imposing liability for conversion and negligent misrepresentation. We now reverse the judgment insofar as appealed from and dismiss the amended claim.

The court erred in granting judgment to claimants on the issue of liability for conversion. An actionable "conversion takes place when someone, intentionally and *without authority*, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [emphasis added]; *see State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259). Here, a search warrant specifically authorized law enforcement to "search for and seize" six categories of items, including "[a]ll computers and computer storage media and related peripherals, electronic or computer data." Claimants have never challenged the validity of the search warrant. Moreover, the unchallenged warrant placed no time limit on the retention of the items seized, and the authorization to "seize" the computers was not terminated until County Court ordered the

property returned following Boerman's guilty plea.  We therefore conclude that defendant's exercise of control over the computers did not constitute conversion inasmuch as it had the proper authority to exercise such control (*see Matter of White v City of Mount Vernon*, 221 AD2d 345, 346-347).  We note that *Della Pietra v State of New York* (125 AD2d 936, 937-938, *affd* 71 NY2d 792) is distinguishable from the instant case because, in that case, the State seized and held the claimant's property pursuant to an *invalid* warrant.

We reject claimants' contention that the warrant authorized only a "limited" detention of the computers until their contents could be copied by law enforcement.  No such language is found in the warrant itself and, while the warrant incorporated the appendix, nothing in the appendix states or even implies that any seized computer would be returned expeditiously to its owner or that any forensic analysis of its contents would be conducted immediately following the execution of the warrant (*see generally People v Hanlon*, 36 NY2d 549, 557-559).  We therefore further conclude that defendant cannot be held liable for conversion for holding the computers beyond the authority granted by the warrant.

We also reject claimants' alternative contention that, irrespective of the terms of the warrant itself, "the initial valid seizure of the computers turned into an unlawful conversion once the purpose for which the equipment was seized came to an end."  It is well established that property seized pursuant to a court order is held "in the custody of the law, and [it] cannot be taken away until that custody is ended by a conviction or acquittal, or by an order of the magistrate permitting its surrender to the owner" (*Simpson v St. John*, 93 NY 363, 366).  In other words, "property seized pursuant to a search warrant remains in the control of the issuing judge" (*Matter of Moss v Spitzer*, 19 AD3d 599, 600, *lv denied* 5 NY3d 714; *see* CPL 690.45 [8]; 690.50 [5]; 690.55 [1]).  Therefore, even if the seized computers were retained without any legitimate law enforcement purpose, "it was beyond the power of [defendant] to take the property from the custody of the law" and return it to claimants without proper judicial authorization (*Meegan v Tracy*, 220 App Div 600, 602; *see generally DXB Video Tapes v Halay*, 239 AD2d 205, 206).  Claimants therefore may not recover against defendant for conversion under the circumstances presented here (*see Simpson*, 93 NY at 366; *Siemiasz v Landau*, 224 App Div 284, 285).

The court also erred in granting judgment to claimants on the issue of liability for negligent misrepresentation.  The tort of "negligent misrepresentation requires [a claimant] to demonstrate '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180).  We agree with defendant that, as a matter of law, there can be no "privity-like relationship" between an investigator and the target of his or her investigation (*id.*).  Indeed, the relationship between investigator and target is the opposite of a "special position of confidence and trust" in which one party might justifiably rely upon

the " 'unique or specialized expertise' " of the other party (*id.; see Kimmell v Schaefer*, 89 NY2d 257, 263).  Thus, as defendant correctly contends, the negligent misrepresentation claim fails as a matter of law (*see Breen v Law Off. of Bruce A. Barket, P.C.*, 52 AD3d 635, 636-637; *Automatic Findings v Miller*, 232 AD2d 245, 246, *lv denied* 90 NY2d 804).

Finally, in light of its findings with respect to conversion and negligent misrepresentation, the court did not reach the cause of action for constitutional tort.  "Upon our review of the record, however, and in the interest of judicial economy" (*Matter of McCloskey*, 307 AD2d 737, 738, *lv denied* 100 NY2d 516; *see generally Scally v Regional Indus. Partnership*, 9 AD3d 865, 868; *Matter of Verna HH.*, 302 AD2d 714, 715, *lv dismissed* 100 NY2d 535), we hold that this particular cause of action fails as a matter of law.  Even assuming, arguendo, that the initial seizure or continued detention of claimants' computers violated the Search and Seizure Clause of the State Constitution (art I, § 12), we conclude that "no . . . claim [for constitutional tort] will lie where the claimant has an adequate remedy in an alternate forum" (*Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1150, citing *Martinez v City of Schenectady*, 97 NY2d 78, 83-84; *see Kashelkar v State of New York*, 30 AD3d 163, 164, *appeal dismissed* 7 NY3d 843; *Bullard v State of New York*, 307 AD2d 676, 678).  Here, claimants could have raised their constitutional arguments in an application to County Court seeking the return of their computers (*see DXB Video Tapes*, 239 AD2d at 206) or, if such motion were denied, in a CPLR article 78 proceeding seeking relief in the nature of mandamus or prohibition (*see Moss*, 19 AD3d at 599-600).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court