Matter of Brandon D. (Geneva D.--Robert L.D.) (2024 NY Slip Op 06197)

Matter of Brandon D. (Geneva D.--Robert L.D.)

2024 NY Slip Op 06197

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-10181
 (Index No. 724394/22)

[*1]In the Matter of Brandon D. (Anonymous). Geneva D. (Anonymous), respondent; Robert L. D. (Anonymous), appellant.

Robert L. D., Medford, NY, appellant pro se.
Geneva D., Mount Vernon, NY, respondent pro se.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Robert L. D. appeals from an order of the Supreme Court, Queens County (Bernice D. Siegal, J.), entered October 19, 2023. The order denied Robert L. D.'s motion pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is affirmed, with costs.
Brandon D. was residing in Louisiana when he suffered a severe traumatic brain injury, rendering him incapacitated. In May 2022, he was moved to a rehabilitation center in Queens for treatment. In an order issued in October 2022 (hereinafter the Louisiana order), the 24th Judicial District Court for the Parish of Jefferson in Louisiana, after a hearing, appointed Brandon D.'s father (hereinafter the father) as the curator of Brandon D. and appointed Brandon D.'s sister (hereinafter the sister) as the undercuratrix of Brandon D. Despite this, in December 2022, the sister commenced this proceeding pursuant to Mental Hygiene Law article 81 in the Supreme Court, Queens County, to be appointed with Brandon D.'s mother as coguardians of Brandon D.
In March 2023, the father moved pursuant to CPLR 3211(a) to dismiss the petition. The sister opposed the father's motion. In an order entered October 19, 2023, the Supreme Court denied the father's motion. The father appeals.
Inasmuch as the father failed to properly register the Louisiana order in accordance with Mental Hygiene Law § 83.35, the father's contention that the Louisiana court has continuing jurisdiction fails. Hence, the Supreme Court had subject matter jurisdiction in this proceeding. Brandon D. had been residing in a residential care facility in Queens since May 2022 (see id. §§ 81.04[a][1]; 81.05[a]; 83.17[a]; Matter of Verna HH. , 302 AD2d 714, 715; Matter of Sweet v Schiller , 271 AD2d 450, 450), and, thus, New York is his home state pursuant to Mental Hygiene Law § 83.03(e).
Inasmuch as the father failed to properly transfer or register the Louisiana order in accordance with the requirements of the Mental Hygiene Law (see id. §§ 83.33[a], [b]; 83.35), the Supreme Court properly denied dismissal of the petition pursuant to CPLR 3211(a)(5) based on the [*2]doctrines of res judicata and collateral estoppel.
The father's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly denied the father's motion pursuant to CPLR 3211(a) to dismiss the petition.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court